734 F.2d 18
 35 Empl. Prac. Dec. P 34,687
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph S. Rohde, Plaintiff-Appellant
v.
William F. Bolger, Postmaster General, United States Postal
Service et al., Defendants.
James McDonald et al., Plaintiffs-Appellees
v.
William F. Bolger, Postmaster General, United States Postal
Service et al., Defendants-Appellees
 Docket No. 83-3174.
 United States Court of Appeals, Seventh Circuit
 April 3, 1984.
 
 Before PELL, JR., ESCHBACH and FLAUM, Circuit Judges.
 
 
 1
 LEIGHTON, D.J.
 
 
 2
 Class member and named plaintiff Joseph Rohde seeks review of a settlement agreement approved by the district court in a class action suit brought pursuant to the Rehabilitation Act of 1973, 29 U.S.C. Sec. 791 et seq. Plaintiff argues that the district court abused its discretion in approving and entering the settlement of the parties because the agreement (1) contained unenforceably vague terms; (2) failed to compensate class members for physical and mental sufferings; (3) failed to compensate class members at the overtime hourly rate for past work performed at other than normal times; (4) failed to guarantee overtime wages for future work performed at other than normal hours and (5) failed to guarantee class members a 40 hour work week.
 
 
 3
 A court of appeals can upset a district court's approval of a class action settlement only upon a showing of an abuse of discretion. Gautreaux v. Pierce, 690 F.2d 616 (7th Cir.1982); Airline Stewards, etc. v. T.W.A., 630 F.2d 1164 (7th Cir.1980); Armstrong v. Board of Directors of the City of Milwaukee, 616 F.2d 305 (7th Cir.1980). District court approval of a settlement pursuant to Federal Rule of Civil Procedure 23(e) "may be given only when the district court finds the settlement fair, reasonable, and adequate." Gautreaux at 631. Fairness must be evaluated in the context of the entire agreement without undue emphasis on individual components. Armstrong at 315. The record indicates that all negotiations were open, full and complete. Gautreaux at 629-30. The agreement was drafted by four counsel for class plaintiffs and four counsel and additional advisory personnel representing defendant Post Office. Negotiations stretched over six weeks and consumed over 100 hours of time. The district judge carefully monitored the evolution of the case over a four-year period. Members of the class were apprised on at least three occasions of the developing agreement, and in each case the consultations resulted in further modifications to the version of the agreement on the table at the time. To the extent plaintiff raised his concerns below, they were considered and rejected by the district court. We conclude from a review of the record that the ultimate rejection by the court of these concerns did not constitute an abuse of discretion. Accordingly, the order of the district court is Affirmed.
 
 Order
 
 4
 This cause came before the Court for decision on the record from the United States District Court for the Northern District of Illinois, Eastern Division.
 
 
 5
 On consideration whereof, it is ordered and adjudged by this Court that the judgment of the said District Court in this cause appealed from be, and the same is hereby, affirmed, with costs, in accordance with the order of this Court entered this date.
 
 
 6
 ---------------
 
 
 
 * After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). Plaintiff-appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record.